# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 7, 2017

Plaintiff-Appellee,

v

No. 334876
Wayne Circuit Court
LC No. 16-003059-01-FH

SHAWN MARIE LAVASSEUR,

Defendant-Appellant.

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Following a bench trial, the trial court convicted defendant of possession with intent to pass as true five or more pieces of counterfeit coin, MCL 750.260. Defendant's conviction was based on the discovery of 11 counterfeit $20 bills in her purse after using four counterfeit bills to make a retail purchase on February 10, 2016. The court departed from the minimum sentencing guidelines range of 0 to 9 months to impose a sentence of 1½ to 10 years' imprisonment. We affirm that sentence.

## I. BACKGROUND

Before imposing an upwardly departing sentence, the trial court noted, "So it's zero to nine, . . . which is astounding when you stop to think that counterfeiting is a life offense although it's an E grid crime, and when you look at her appalling history of thievery. But anyway, they are what they are." Following defendant's plea for leniency, the court cited her recent criminal history of three retail fraud offenses, stating, "[T]hat's a very compelling allocution. I'm guessing from looking at your criminal history that you've made virtually the same pitch to at least three other judges in the last year. . . ." Defendant's criminal history included shoplifting offenses in July, August, and September 2015, all of which resulted in the imposition of 12 months of probation. Defendant was "ramping up the seriousness of [her] crimes" by jumping to counterfeiting. Defendant's history demonstrated that probation "doesn't help," "doesn't seem to have any affect or impact on you at all." The court continued, " You're absolutely in total denial about the fact that you're a serial thief. And incredibly dishonest. Fundamentally and incredibly dishonest, and probation doesn't help." In this case, the court determined that the guidelines provided "very flawed advice" on the proper sentence. Accordingly, the court decided to depart upward from the sentencing guidelines range of 0 to 9 months so it could impose a prison sentence.

-1-

## II. ANALYSIS

We review departure sentences for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; ___ NW2d ___ (2017). In determining whether a trial court abused its discretion by unreasonably departing from the sentencing guidelines, we review whether the court conformed to the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 476-477.

The principle of proportionality is one in which

> "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender."

> Under this principle, " 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines recommended range.' " [*People v Dixon-Bey*, ___ Mich App ___; ___ NW2d ___ (Docket No. 331499, issued September 26, 2017), slip op at 16, quoting *Steanhouse*, 500 Mich at 472, quoting *Milbourn*, 435 Mich at 651, 661.]

In *Milbourn*, 435 Mich at 635, the Supreme Court held that the sentencing guidelines were designed with the "principle of proportionality" in mind, to impose punishment "relative [to the] seriousness and severity of individual criminal offenses." The Legislature already considered the seriousness of the various criminal offenses and the danger imposed by recidivism in creating the guidelines and "intended more serious commissions of a given crime by persons with a history of criminal behavior to receive harsher sentences than relatively less serious breaches of the same penal statute by first-time offenders." *Id.* Judges veering from the statutory guidelines must exercise their discretion "according to the same principle of proportionality," *id.* at 635-636, and impose a sentence that is proportionate to the seriousness of the particular offense and the particular offender. *Steanhouse*, 500 Mich at 474. To this end, trial courts may depart from the guidelines "when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Milbourn*, 435 Mich at 657. The guidelines are "a useful tool," but departure sentences are "appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing." *Id.* at 657-658.

In application, the *Milbourn* Court found that "departures from the guidelines, unsupported by reasons not adequately reflected in the guidelines variables, should . . . alert the appellate court to the possibility of a misclassification of the seriousness of a given crime by a given offender and a misuse of the . . . sentencing scheme." *Id.* at 659. The Court explained:

Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality. . . . [*Milbourn*, 435 Mich at 659-660.]

In *People v Smith*, 482 Mich 292; 754 NW2d 284 (2008), the Supreme Court described a practical application of the principle of proportionality. The *Smith* Court required a trial court to rationalize and articulate why *the* specific departure sentence imposed was proportionate to the offense and the offender. *Id.* The Court explained that a departure cannot be based "on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." *Id.* at 300, quoting MCL 769.34(3)(b).

Although dealing with statutory language in MCL 769.34 that is no longer applicable due to *Lockridge*, 498 Mich at 391 (regarding substitution of the words "may" for "shall"), the *Smith* Court's methodology to effectuate the principle of proportionality remains relevant. Addressing appellate review of departure sentences, the *Smith* Court stated:

Appellate courts are obliged to review the trial court's determination that a . . . reason exists for departure. Accordingly, the trial court's justification "must be sufficient to allow for effective appellate review." In [*People v Babcock*, 469 Mich 247, 258-259; 666 NW2d 231 (2003)], this Court explained that an appellate court cannot conclude that a particular . . . reason for departure existed when the trial court failed to articulate that reason. Similarly, if it is unclear why the trial court made a particular departure, an appellate court cannot substitute its own judgment about why the departure was justified. A sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear. When departing, the trial court must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been. [*Smith*, 482 Mich at 304 (citations omitted).]

Also identified as assisting appellate review of the proportionality of a departure sentence is "when a court explains the similarity between the facts justifying the departure and the facts describing a crime meriting the same sentence under the guidelines. A comparison of a defendant's characteristics and those of a hypothetical defendant whose recommended sentence is comparable to the departure sentence is a valuable exercise." *Id.* at 310. In this vein, a "potential means of offering . . . a justification [for a departure] is to place the specific facts of a defendant's crimes in the sentencing grid." *Id.* at 306. The Court reasoned that "reference to the grid can be helpful, because it provides objective factual guideposts that can assist sentencing

courts to ensure that the offenders with similar offense and offender characteristics receive substantially similar sentences," *id.* at 309 (quotation marks and citation omitted), and thus "minimize idiosyncrasies" in sentencing. *Id.* at 311. However, courts are not required to "sentence defendants with mathematical certainty" and "precise words [are not] necessary . . . to justify a particular departure." *Id.*

Additional factors recognized post-*Lockridge* for consideration under the "proportionality standard" have been found to include, but are not limited to:

> (1) the seriousness of the offense . . ., (2) factors that were inadequately considered by the guidelines . . ., (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor . . ., the defendant's misconduct while in custody . . ., the defendant's expressions of remorse . . ., and the defendant's potential for rehabilitation. [*People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (citation omitted), lv pending.]

In this case, the trial court justified the reasonableness of the particular upward departure sentence it imposed. Through its record comments, the court suggested that defendant's prior criminal offenses, committed recently and in quick succession, were not given adequate weight under the prior record variables. Defendant was still on probation for those offenses when she committed her current crime. This was evidence that probation was not a severe enough penalty to convince defendant to conform her behavior to social mores. Indeed, instead of working to remain crime-free, the court accurately noted that defendant had "ramp[ed] up" her level of criminal enterprise. The court also emphasized the serious nature of defendant's offense category—counterfeiting—noting that the offense could come with a life sentence. A sentence within the guidelines range of 0 to 9 months could only be served in jail. The court specifically determined that defendant required prison time under the circumstances of this case to encourage her rehabilitation.

The trial court adequately explained why the particular departure sentence imposed was reasonable and was proportionate to this offender for this offense. The court therefore did not abuse its discretion in departing from the guidelines.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

-4-